## DEGRAFF *a.* HOVEY.

*Supreme Court, First District; General Term, February,* 1863.

EVIDENCE.—EFFECT OF JUDGMENT.—PARTIES AND PRIVIES.

The introduction by a party of the affidavit of his adversary, in which a previous
affidavit of the former is averred to be false, does not authorize the admission
of such previous affidavit.

A judgment is not evidence of any of the facts determined by it, except as against
parties and privies.

To show the truth of a representation of the defendant that he was a partner of
H., he offered the judgment-roll in an action brought by his assignee against
H., trying to show the existence of such partnership.    *Held,* inadmissible
against a stranger to that action.

Appeal from a judgment.

This action was brought by Henry P. Degraff against Almon
Hovey, to recover $1,500 damages for converting and disposing
of personal property.   The nature of the transactions out of
which the claim arose was as follows.   The defendant applied
to Wentworth & Degraff, of which firm plaintiff was a mem-
ber, to buy certain furniture.   The goods were delivered to de-
fendant upon the representation that one Milo W. Hill, a man
of wealth, was a partner of defendant, and that defendant had
certain valuable property and interests.   Defendant gave his
note at four months for the furniture.   The claim was assigned
to the plaintiff, who, becoming dissatisfied with the appearance
of defendant's affairs, commenced this action.   The cause was
tried before Mr. Justice Clerke.   On the trial, the plaintiff read
in evidence an affidavit made by the defendant, and used by
him on a motion to discharge an order of arrest which had been
obtained in the action.

In this affidavit the defendant shows clearly that his alleged
partner, Hill, was not liable for the furniture, and states that
defendant had sold the furniture to his father to pay borrowed
money.   This latter statement was contradicted by the evi-

dence of one of the defendant's own witnesses. The plaintiff, after reading the affidavit, asked and offered to read his own affidavit, to which the affidavit read purported to be a response (and which the defendant in his affidavit stated he had read), for the purpose stated in the case. The court refused to permit the plaintiff to do so : to which an exception was taken.

The defendant offered in evidence a judgment-roll in an action by Dwight R. Hovey, as his assignee, against Milo W. Hill, as evidence in chief of the merits, for the purpose set forth in the case. The plaintiff objected to it as *res inter alios acta*, and as not being evidence against him. The objection was overruled, and the plaintiff excepted. After the judgment-roll was read, the plaintiff renewed his objection and again excepted.

The plaintiff also proved, by one Whitney, that the defendant had bought goods of him, and made representations to him similar to those made to Degraff, and about the same time. The judge left the whole question of fraud to the jury, who found a verdict for the defendant, upon which judgment was entered, and the plaintiff appealed.

*Anthony R. Dyett,* for the appellant.—I. The judge erred in refusing to permit the plaintiff's affidavit to be read. (4 *E. D. Smith,* 75 ; Batturs *a.* Sellers, 5 *Har. & John.,* 117, 119 ; Jackson *a.* Winchester, 2 *Yeates,* 529 ; 1 *Rep. Const. Court,* 111 ; 15 *Barb.,* 499 ; 3 *Man. & Ryl.,* 271, 273 ; 4 *Paige,* 507.)

II. The judge erred in permitting the judgment-roll, in the action of Hovey *a.* Hill, to be read in evidence. It was not offered to prove *rem ipsam* only, after proof *aliunde* of the facts contained in it, but as proof of the facts themselves. (5 *Bosw.,* 619 ; 15 *N. Y.,* 405 ; 9 *Pet.,* 607 ; 2 *Starkie's Ev.,* 183 ; 9 *Conn.,* 407 ; *Cowen & Hill's notes to Phill. Ev.,* part 2, 972, note 693.)

III. The verdict was against evidence.

*Chauncey Shaffer,* for the respondent.—I. The plaintiff's affidavit was properly excluded. 1. He could not give his own declarations in his own favor. No foundation was laid therefor by any evidence offered for the defendant. (Phillips *a.* Thompson, 1 *Johns. Ch.,* 131.) 2. The *ex-parte* affidavit was

no part of the *res gestæ*.  3. It not appearing what the allegations of the affidavit were, it will be presumed the ruling is correct.

II. The judgment-record in Hill *a*. Hovey was properly received.  The gist of the action is, that defendant obtained the property by false and fraudulent representations, and with intent to defraud.  The intent is the question in the case.  (2 *Kent's Com.*, 484; 1 *Barn. & Cres.*, 514; Buckley *a*. Artcher, 21 *Barb.*, 585.)  To constitute a false pretence, there must be an express allegation which is false (Allen's Case, 3 *City H. Rec.*, 118; Conger's Case, *Ib.*, 65; 1 *Wheel. Cr.*, 448), and also an intent to cheat or defraud; and the fraud must be accomplished by some false pretence designedly used.  (People *a*. Currie, 4 *Den.*, 525.)  The judgment-record showed: 1. That the defendant's statement in relation to his partner was true.  2. That defendant had good reason to believe that he was worth $20,000.  3. That he was dealing in facts, and telling the truth in his letters to plaintiff.  (Van Rensselaer *a*. Akin, 22 *Wend.*, 549, and cases cited; Rawson *a*. Turner, 4 *Johns.*, 469; 2 *Miller's La.*, 149; Dartmor *a*. Roberts, 16 *East*, 344; Wells *a*. Shepp, *Walk.*, 353.)

III. The verdict is abundantly sustained by evidence.

INGRAHAM, J.—Upon the trial of this cause, the plaintiff read in evidence an affidavit made by the defendant in regard to the matters in controversy, in which the defendant said he had read an affidavit made by the plaintiff, and that it was false.  The plaintiff then offered to read the affidavit made by the plaintiff, referred to by the defendant in his affidavit, which was excluded, and the plaintiff excepted.

It may well be doubted whether, if the defendant had put the first affidavit in evidence, that it would have furnished any warrant for the admission of the affidavit of the plaintiff therein referred to.  The contents of the affidavit were not stated in the defendant's affidavit, and it was a matter of no moment in this case to know what was contained in the affidavit which the defendant said was false.  Certainly the parties could not have made an issue to try whether the plaintiff's affidavit was true or false, and there could have been no other legitimate object for which it could be put in evidence.

But the case is much stronger where the plaintiff puts the defendant's affidavit in evidence, and then, for the purpose of contradicting or for getting his own statements before the jury, offers an affidavit made by himself.

He could not contradict the defendant's affidavit, which he made his own testimony; and if he could, there was nothing material in the defendant's affidavit upon which the defendant could be contradicted by any affidavit of the plaintiff. I am at a loss to see any reason which would have justified the admission of the evidence offered.

Upon the trial, the judge admitted a record of judgment between other persons than the parties to this action, for the purpose of proving a partnership between the defendant in that action and the present defendant, and for the purpose of disproving any fraudulent intent with which the defendant was charged. This judgment was between parties not connected with this action. The plaintiff was in no way a party to it. He could not be estopped by its recovery, and it furnished no evidence of any fact that could be used against the plaintiff. It was in all respects *res inter alios acta*, and bound neither of the parties, and proved nothing as to either. There is no rule by which its admissibility can be sustained.

The facts established by that judgment were, that the defendant had sold to one Hill goods to the value of $27,000, and that the defendant Hovey had transferred his claim to the plaintiff in the judgment. I doubt whether either of these matters could have been proved on the trial by witnesses who knew them; certainly the judgment could not be used for such a purpose.

The admission of this evidence was erroneous, and a new trial must be ordered.

Judgment reversed and new trial ordered; costs to abide event.

SUTHERLAND, P. J., and CLERKE, J., concurred.